```
                    UNITED STATES DISTRICT COURT              JS-6
                   CENTRAL DISTRICT OF CALIFORNIA
                           WESTERN DIVISION
                        CIVIL MINUTES - GENERAL
```

Case No.   CV 04-7019 GPS(CWx)                    Date:   February 5, 2008

Title:    *Taco Bell Corp., v. TBWA Worldwide, Inc.*
=========================================================================
PRESENT:         THE **HONORABLE GEORGE P. SCHIAVELLI**,   JUDGE

           Jacob Yerke                              Not Present
         Courtroom Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                              Not Present

PROCEEDINGS:   Order Granting Defendant's Motion for Attorneys' Fees but
               Reducing Award
               (In Chambers)

     On January 7, 2008, the Court held a hearing regarding Defendant TBWA Worldwide, Inc.'s Motion for Attorneys' Fees ("Defendant's Motion") and took the matter under submission.  After hearing argument and considering the filings, the Court **GRANTS** Defendant's Motion and awards TBWA **$1,861,820.60.** Specifically, the Court orders:

     1.   an award of $1,446,007.97 to the Davis & Gilbert LLP law firm;
     1.   an award $406,912.50 to the Venable LLP law firm[1]; and
     2.   an award $8,900.13 to the Law, Weathers & Richardson law firm.

The Court, however, rejects TBWA's request for a $4,000.00 award for the Frankfurt Kurnit Klein & Selz law firm ("Frankfurt Kurnit") as well as $11,966.38 in costs.  The reasoning behind this award and the reduction is set forth below.

I.   BACKGROUND

     Between 1997 and 2000, Plaintiff Taco Bell Corp. ran a series of popular advertisements using a live-action Chihuahua who appeared to recite the phrase "Yo Quiero Taco Bell."  The Chihuahua advertising was developed and produced by Defendant TBWA via a contract between the parties ("Agency Agreement"), which included clauses addressing indemnification and

---

     [1]   Venable LLP acquired the firm Whitwell Jacoby Emhoff LLP during this litigation.  Accordingly, all hours spent by Whitewell Jacoby Emhoff are accounted for in Venable's records.

reimbursement for reasonable attorneys fees.

In January 1998, Thomas Rinks, Joseph Shields and their company Wrench LLC (collectively, "Wrench") filed suit in the United States District Court of the Western District of Michigan against Taco Bell claiming that Taco Bell had improperly used Wrench's Psycho Chihuahua character in its advertisements.  The *Wrench* action alleged breach of an implied contract, copyright infringement, and various torts.  On June 4, 2003, the jury returned a verdict in favor of Wrench for breach of implied contract and awarded Wrench $30,174,000 plus pre-judgment interest in excess of $11 million.

The instant action concerns the claim for indemnification for the judgment in the *Wrench* case.  Both parties asserted claims for indemnification against the other.  After reviewing the filings and hearing argument on indemnification, the Court denied Plaintiff Taco Bell's Motion for Summary Judgment and granted Defendant TBWA's Motion for Summary Judgment on September 5, 2007.  As part of this Order, the Court found Defendant TBWA to be the prevailing party under the Agency Agreement and awarded reasonable fees in an amount to be determined.  Specifically, paragraph 15 of the Agency Agreement states:

> Should either party institute any action or proceeding to enforce any provision hereof for damages or for any other relief by reason of an alleged breach of any provision hereof, the prevailing party will be entitled to receive from the losing party, such amount as the arbitrator (or court, if applicable) may judge to be reasonable as attorneys' fees or the services rendered the prevailing party in such judgment against the losing party.

Under this provision, on September 20, 2007, Defendant TBWA moved for an award of attorneys' fees.  The Court heard argument on January 7, 2008.

## II.  LEGAL STANDARD

Because this action was brought under diversity jurisdiction, this Court applies state law in determining the method of calculating attorneys' fees in diversity actions.  *Mangold v. Cal. Public Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (stating that the Ninth Circuit follows other circuits that apply state law in diversity actions in calculating the fee).  Moreover, paragraph 12 of the Agency Agreement expressly states that California law governs the agreement.

In assessing a reasonable attorney's fee, a party must determine the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) (finding this calculation as the starting point for determining reasonable attorneys' fees under California state law ).  This calculation, called "lodestar", provides

an objective basis on which to make an initial estimate of the value of a lawyer's services. *Id*. "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. at 434.

An experienced trial judge is the best judge of the value of professional services rendered in his court. *PLCM Group*, 22 Cal. 4th at 1095. "The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *Id.* at 1096 (citation omitted). However, "'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum III v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citation omitted). A court can apply a fixed reduction when calculation of the precise reduction would be difficult or cumbersome. *See Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 948-49 (9th Cir. 2007) (allowing for fixed reduction of the hours that were block billed in an action seeking attorneys' fees as provided by federal statute)*; Role Models America, Inc. v. Brownlee,* 353 F.3d 962, 973 (D.C. Cir. 2004) **("**A fixed reduction is appropriate given the large number of entries that suffer from one or more of the deficiencies we have described.").

## III. DISCUSSION

Defendant TBWA seeks $2.36 million in attorneys' fees as set forth specifically in the chart below.

| Firm | Amount Requested |
|---|---|
| Davis & Gilbert | $1,928,010.63 |
| Venable/WJE | $412,922.50[2] |
| Law Weathers & Richardson | $15,900.63 |
| Frankfurt Kurnit | $4,000.000 |
| **TOTAL** | **$2,360,833.76** |

Additionally, TBWA seeks to recover $11,966.38 in non-taxable expenses.

Defendant TBWA does not provide the basis on which a lodestar was calculated for each firm. While TBWA submitted billing invoices, it has not submitted a total breakdown of the hours and fees at issue. (Def.'s Motion, Exs. 1, 2.) Plaintiff Taco Bell objects to Defendant TBWA's fees on many grounds.

---

[2]   Venable's Reply revised this figure to $409,432.40.

After evaluating the fees submitted and arguments, the Court first addresses its findings on attorneys' fees then its findings on costs.

**A.   Defendant's Records Submit Unreasonable Entries for Attorneys' Fees**

The Court reduces the requested amount of three of the four law firms and denies the requested attorneys' fees for the remaining law firm.

First, the Court finds it difficult – if not impossible – to adequately determine what fees requested by Davis & Gilbert were reasonable because the voluminous billing records contain multiple deficiencies. *Brownlee,* 353 F.3d at 973 ("A fixed reduction is appropriate given the large number of entries that *suffer from one or more of the deficiencies* we have described.") (Emphasis added).  Accordingly, the Court applies a 25% reduction across the board to the fees sought by Davis & Gilbert.  This reduction accounts for vague entries, block billing, unrelated tasks, excessive hours, and clerical tasks. It also accounts for the amounts that Davis & Gilbert admitted were in error.

Second, the Court awards the Venable law firm $6,010.00 less than the $412,922.50 originally requested – a total award of $406,912.50.  Third, the law firms of Law, Weathers & Richardson and Frankfurt Kurnit submitted incomplete records, warranting a reduction for the former and a denial for the latter.

   1.   Vague Entries

Plaintiff Taco Bell objects to Defendant TBWA's vague entries. (See Decl. Jeffrey Charkow in Support of Taco Bell's Opp'n,  Ex. D, E, F and G.) For example, associate attorneys for Davis & Gilbert, Elizabeth Yoo and Jennifer Schatzman, often billed time for "attention to files." (*See, e.g.*, Pl.'s Opp'n 5:18-23, citing numerous pages in Exhibit 3.)  This reference, "attention to files" is not only vague but it may also fail to justify compensation at attorneys' rates because it appears to refer to clerical duties of organizing files.  Moreover, Davis & Gilbert partner Paul Corcoran stated that he spent 13 hours on May 12, 2004, "work[ing] on motions."  He provided no other detail.  The very next day, he spent another 7 hours "work[ing] on motions."  Again, he provides no detail as to how he spent his day.

The Court agrees with Plaintiff Taco Bell and finds that attorneys for Davis & Gilbert often entered vague billing records, making it difficult for the Court to determine if their fees for these activities were reasonable. These vague entries are one of the several deficiencies in Davis & Gilbert's fee request that, when combined with the other deficiencies, support an across-the-board 25% fee reduction.

 2. Block Billing[3]

In reviewing the records submitted, a majority of the time billed by Davis & Gilbert are block-billed entries. For example, attorney Elizabeth Yoo's records include a 10-hour block of time on June 7, 2004. This entry lists the following tasks: "[m]eetings with PFC, NHK, RRU, and JJS; conference call with PFC, NHK, RRU, JLS, Omnicom and TBWA; drafted three letters to Jeff Charkow; drafted letter to Edward Bardelli; finalized Vada Hill deposition outline and exhibits; meetings throughout day with PFC and JLS; call with D. Emhoff and PFC; reviewed court order; reviewed letters and emails from J. Charkow; meetings with paralegal." (Supplemental Decl. of Paul Corcoran, Oct. 24, 2007, Ex. 3, at p. 92.) This is just one example of Yoo's multiple block-billed entries. Other Davis & Gilbert attorneys and paralegals billed similar large lumps of time with many tasks throughout the 277 pages of billing records.

This billing makes it difficult, if not impossible, to determine whether the time spent on each task was reasonable. The Court rejects Defendant TBWA's arguments that California allows block billing because no state case actually rejects it. (See Def.'s Reply 13:7-13.) First, California case law prohibits unreasonable attorneys' fees. When it is difficult to decipher the fees' reasonableness because the tasks have been lumped together in blocks of five to ten hours, the fees are unreasonable. Second, at least one California state court has rejected block billing when it is difficult to distinguish between compensated tasks versus uncompensated ones. *See Bell v. Vista Unified Sch. Dist.*, 82 Cal. App. 4th 672, 689 (2000) ("block-billed entries render it virtually impossible to break down hours on a task-by-task basis between those related to the Brown Act violation and those that are not").[4]  Third, district courts also object to block-billing when applying California law to attorneys' fees. *See, e.g., Signature Networks, Inc. v. Estefan*, No. C 03-4786 SBA, 2005 WL 1249522, *9 (N.D. Cal. May 25, 2005) (approving a 20% reduction because the numerous block billing entries made a precise reduction difficult in analyzing attorneys' fees under California

---

[3]  Block billing is the time keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (citation omitted).

[4]  The state court further explained that if the party could not further define the entries, the court should reduce them or "simply cast them aside." Under this reasoning, the Court could simply exclude all time that was block-billed by Davis & Gilbert and drastically reduce the fees requested. However, as noted above, the Court finds an overall fixed reduction addresses the number of deficiencies without depriving the firm of fees for substantial time spent on this case.

law).  Again, the Court's fixed reduction of Davis & Gilbert's request accounts for this deficiency.

### 3. Unrelated Tasks

Plaintiff claims that Defendant TBWA unreasonably billed for fees that did not arise out of the obligations of the Agency Agreement between the parties.  Plaintiff contends that TBWA inappropriately included bills for (1) the defense of the underlying *Wrench* action and (2) research and meetings regarding a possible defamation suit and a legal malpractice action.

The Court agrees that fees charged for tasks relating to defamation and legal malpractice are improperly billed under the Agency Agreement.  In fact, Defendant TBWA does not attempt to justify these fees in its Reply.  As to Davis & Gilbert, the Court's 25% fixed reduction incorporates the $9,295.00 fee Davis & Gilbert charged for these tasks.  As to Venable, the Court reduces Venable's fee by $2,520.00 that Venable's Douglas Emhoff charged for these tasks.

### 4. Excessive Hours

Plaintiff also contends that Defendant spent excessive hours preparing for a motion for summary judgment and depositions.

As to the summary judgment, Plaintiff alleges that Defendant TBWA spent an average of 58 hours a month between September 2003 and January 2004. (Pl.'s Opp'n 11:13-26.)  Specifically, Davis & Gilbert spent approximately 1,257.5 hours working on the summary judgment motion and 514.8 hours preparing for oral arguments.  (*Id*. 11:27-12:4.)  The Court agrees that this time is excessive.

Plaintiff Taco Bell also contends that Davis & Gilbert spent 149 hours in preparing for and taking the deposition of one witness, Paul Veith.  (*Id*. 12:5-6, Ex. O.)  The Court agrees that this time is excessive, especially because many of the entries appear duplicative.  Additionally, Davis & Gilbert admits that it erroneously billed seven hours for the "first appearance before Judge Schiavelli" on August 29, 2004,[5] and charging TBWA twice due to a billing system change.

In sum, the examples of excessive time are another deficiency in Davis & Gilbert's fee request, supporting the Court's fixed 25% reduction.

### 5. Clerical Tasks

Purely clerical or secretarial tasks should not be billed at a paralegal

---

[5] There was no hearing or appearance in this Court on August 29, 2004.

or lawyer's rate, regardless of who performs them. *Davis v. City of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 325 (9th Cir. 1993). Despite this rule, Defendant appears to be seeking fees for clerical tasks. For example, one paralegal bills time for "hole punching and putting together binders". Additionally, another paralegal includes a bill for phone calls she made to a hotel regarding depositions as well as updating correspondence files. On another day, she billed time for reserving a meeting room, among other clerical tasks. These entries show yet another deficiency in Davis & Gilbert's billing and further support a 25% overall reduction.

### 6. Discrepancies in Supplemental Filings

Plaintiff also argues that the requested fees should be rejected because of discrepancies between the declarations filed by Defendant's attorneys Corcoran and Emhoff. Davis & Gilbert's Corcoran claims these discrepancies are immaterial and do not affect his firm's total request. (Def.'s Reply 25:1-4.) Venable's Emhoff, however, submitted an amended request for attorneys' fees accounting for a $3,490.00 discrepancy. (Reply Decl. of Douglas Emhoff ¶ 8.) To account for these discrepancies, the Court reduces Venable's fee request by $3,490.00 and incorporates the Davis & Gilbert discrepancies into the overall fixed 25% reduction.

### 7. Incomplete Records

The billing records of the two additional law firms – Law Weathers & Richardson and Frankfurt Kurnit – are largely incomplete.

Defendant TBWA did not list the tasks done by the Law Weathers & Richardson attorneys for the invoices through June 30, 2004. Rather, counsel just submitted the total number of hours and rates, including fees, for that time period. (*See* Paul Corcoran's Supplemental Declaration on October 24, 2007, Ex. 1 at p. 5, as corrected by the CD-ROM Supplemental Notice of Errata Nov. 7, 2007.) For the invoices through July 31, 2006, however, the Law Weathers & Richardson attorneys detail the tasks done in timely increments. (*Id.* at pp. 6-8.) Accordingly, the Court reduces the firm's fee request by $7,000.50 as listed for the June 30, 2004 invoice and awards the firm $8,900.13.

The invoice submitted for Frankfurt Kurnit did not list any details as to what the attorneys worked on or even the specific disbursements. (*Id.*, Ex. 2.) Accordingly, the Court denies this firm's $4,000.00 award.

**B.   Agency Agreement Does Not Provide for Copy Costs**

Plaintiff also alleges that Defendant TBWA cannot recover the $11,966.38 in costs of photocopying documents that Sidley Austin incurred in the *Wrench* decision. According to Plaintiff, the Agency Agreement does not contemplate

an award of costs in addition to an award of fees.  Defendant TBWA calls this argument incomprehensible.

The Court disagrees with Defendant TBWA because the awarding of fees is bound by the Agency Agreement and California state law, specifically California Civil Code section 1717.  Under section 1717, a court can award attorneys' fees *in addition to other costs* "where the contract *specifically provides* that attorney's fees *and* costs, which are incurred to enforce that contract, shall be awarded ...".  Cal. Civ. Code § 1717(a) (emphasis added).

In the Agency Agreement, paragraph 15 only allows for "such amount as the arbitrator (or court, if applicable) may judge to be reasonable as attorneys' fees *or* the services rendered the prevailing party ..." (emphasis added).  This paragraph does not specifically allow for costs, as required by section 1717(a).  Accordingly, the Court **DENIES** Defendant TBWA's recovery of $11,966.38 in costs.

**IV. CONCLUSION**

As detailed above, the Court **GRANTS** Defendant TBWA's Motion for Attorneys' Fees but reduces the award.

**IT IS SO ORDERED.**